```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PHILLIP M. SEYMORE,

    Plaintiff,

v.   Case No: 2:19-cv-481-FtM-99MRM

DEPARTMENT OF REVENUE CSE,
Title IV-D Agency, DOES,
ARIKA R. RICHARD, and HOLY
CROSS HOSPITAL,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Holy Cross Hospital's Motion to Dismiss (Doc. #19) and Defendant Florida Department of Revenue's Motion to Dismiss (Doc. #21). Plaintiff *pro se* Phillip M. Seymore filed Responses in Opposition (Doc. ##23, 24). For the reasons set forth below, the Motions are granted to the extent that the claims brought under 42 U.S.C. § 1983 are dismissed with prejudice and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

**I.**

In this case plaintiff *pro se* Phillip M. Seymore asks this Court to review the judicial proceedings and set aside a paternity finding and child support orders that defendant Arika R. Richard obtained in Florida state court in 2010. Plaintiff alleges that he is not the father of the children and that the child support

orders were obtained without due process and through fraud. Plaintiff purports to assert civil rights claims pursuant to 42 U.S.C. § 1983 and state law claims. The allegations against Holy Cross Hospital relate to a birth certificate allegedly issued at Holy Cross Hospital in 2006. The Florida Department of Revenue CSE, Title IV-D Agency ("Department of Revenue") is sued for violations of due process of law, procedural due process, extrinsic fraud, and identity theft for enforcing the orders and collecting child support.

Plaintiff initially filed an application to proceed *in forma pauperis* and filed both a Complaint and an Amended Complaint during that process. (Docs. ##1, 3, 5.) The Magistrate Judge reviewed the file under 28 U.S.C. § 1915 and found that plaintiff had failed to show how his claims amount to cognizable claims in federal court, in part because the Rooker-Feldman doctrine barred his claims against the Department of Revenue. (Doc. #10.) Plaintiff was granted leave to file a Second Amended Complaint, which he filed on July 30, 2019 (Doc. #11). Thereafter, plaintiff filed a Third Amended Complaint (Doc. #12) on November 6, 2019, which is the operative complaint. Plaintiff then withdrew his request to proceed *in forma pauperis* and paid the filing fee. (Doc. #14.) Defendants were served, and the Department of Revenue and Holy Cross Hospital move to dismiss for failure to state a claim.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being

facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

### III.

**A. The Due Process Claims Against the Department of Revenue**

The Rooker–Feldman[1] doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Under the Rooker–Feldman doctrine, "federal district courts cannot review

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Supreme Court has found Rooker-Feldmen to apply in only two occasions – once in Rooker, and again in Feldman. The Supreme Court has repeatedly cautioned that the doctrine is limited to cases brought by state court losers which invite federal district courts to review and reject state court final judgments. Exxon Mobil Corp., 544 U.S. at 284; Skinner v. Switzer, 582 U.S. 521, 531 (2011); Lance v. Dennis, 546 U.S. 459, 463 (2006).

As found by the Magistrate Judge, despite plaintiff's disclaimer and legal argument concerning the Rooker-Feldman doctrine in his complaints, the Eleventh Circuit has held in an analogous case that the Rooker-Feldman doctrine barred a father's constitutional claims relating to orders to garnish his tax return and suspend his driver's license pursuant to a child support order because those claims were "inextricably intertwined with the state court judgment" concerning enforcement of child support

obligations. See Brown v. Coffin, 766 F. App'x 929, 932 (11th Cir. 2019). Here, it is apparent that plaintiff's constitutional claims against the Department of Revenue are inextricably intertwined with a state court judgment. Although plaintiff attempts to couch his claims as challenging the underlying birth certificate, the Court finds that this issue is inextricably intertwined with the state court judgment for child support that resulted in the challenged garnishment because what plaintiff seeks is relief from the child support order and the Department of Revenue's actions to enforce the child support order.

For these reasons, the Rooker-Feldman doctrine bars this Court from exercising subject matter jurisdiction over plaintiff's Section 1983 due process claims against the Department of Revenue.[2] See Brown, 766 F. App'x at 932.

**B. Remaining State Law Claims**

With the dismissal of the Department of Revenue, no state actors remain, as there are no alleged facts sufficient to show that Arika Richard or Holy Cross Hospital acted under color of state law. Section 1983 imposes liability on any person who,

---

[2] To the extent the Third Amended Complaint might be construed to allege that the state court proceedings relating to child support are ongoing, the Court finds that the abstention doctrine recognized in Younger v. Harris, 401 U.S. 37, 91 (1971) and its progeny would nevertheless still require dismissal of Plaintiff's claims. See Davis v. Self, 547 F. App'x 927, 930-31 (11th Cir. 2013).

under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that the defendant deprived [the plaintiff] of a right secured under the Constitution or federal law and (2) that such deprivation occurred under color of state law." Arrington v. Cobb Cty., 139 F.3d 865, 872 (11th Cir. 1998).

Here, plaintiff merely alleges that Holy Cross was subject to state regulation regarding paternity and birth certificate matters, but the fact that defendant's operations are subject to state regulation "does not transform the company's conduct into 'state action' for purposes of 'color of law' analysis." Stoutt v. Southern Bell Tel. & Tel. Co., 598 F. Supp. 1000, 1001 (S.D. Fla. 1984). And regarding Arika Richard, she appears from the allegations to be the mother of the child and "the beneficiary" of the challenged child support obligation. There are no allegations that Richards' alleged conduct is fairly attributable to the State, and the law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted).

Therefore, because the federal claims have been dismissed, the Court need not address the issues raised in the Motions to

Dismiss as to the remaining counts. The remaining possible claims in the Third Amended Complaint are all state law claims. Even assuming these are properly pled, under 28 U.S.C. § 1367(c)(3), the Court exercises its discretion and decline to exercise supplemental jurisdiction over the state claims. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (encouraging district courts to dismiss state claims where all claims which provided original jurisdiction have been dismissed.)

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. ##19, 21) are **GRANTED IN PART** to the extent that the claims brought under 42 U.S.C. § 1983 are **dismissed with prejudice**; otherwise, the Court declines to exercise supplemental jurisdiction over the remaining state law claims which are **dismissed without prejudice**.

2. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of December, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record